# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VIVEK CHOPRA; and )
MUKESH AGHI, )  Case No.:   2016L009806
)              CALENDAR/ROOM  X
            Plaintiffs, )  Hon.        TIME 00:00
v. )                          Libel/Slander
)
)  JURY DEMAND
ANIL MANIBHAI NAIK, individually, )
a/k/a A.M. NAIK; and )
LARSEN & TOUBRO INFOTECH, )
a Corporation, d/b/a L&T INFOTECH, )
)
            Defendants. )

## COMPLAINT

Plaintiffs, Vivek Chopra and Mukesh Aghi, by and through their counsel, Kulwin,

Masciopinto & Kulwin, LLP, bring this lawsuit against Anil Manibhai Naik, a/k/a A.M. Naik,

individually, and Larsen & Toubro Infotech, a Corporation, d/b/a L&T Infotech, and allege as

follows:

### Nature of This Action

1.       This action arises out of Defendants' public statements through which they falsely

and wrongly maligned, defamed, and slandered Plaintiffs' good names and professional

reputations for no purpose other than to protect their reputations and financial interests while on

the eve of an initial public offering at Plaintiffs' expense.

2.       Specifically, Defendants publically and falsely stated that Plaintiffs' employment

with Defendants terminated because of poor performance, ostensibly due to one Plaintiff's

alleged old age and supposed inability to cope with changing times and the other Plaintiff's

so-called failure to close deals because of an alleged inability to be detail oriented. In fact,

Plaintiffs' employment performance was always exemplary. Indeed, Plaintiffs voluntarily

1

decided to terminate their employment with Defendants for their own personal reasons and volition, as Defendants well knew, wholly unrelated to any purported employment performance issues.

3.     Through this action, Plaintiffs seek damages for Defendants' *per se* defamatory and false light statements, punitive damages, and all other relief deemed fair and reasonable.

## The Parties

4.     Plaintiff Vivek Chopra ("Chopra") is an individual residing in Illinois.

5.     Plaintiff Mukesh Aghi ("Aghi") is an individual residing in New Jersey.

6.     Defendant Anil Manibhai Naik, a/k/a A.M Naik ("Naik"), is an individual residing in India.

7.     Defendant Larsen & Toubro Infotech, d/b/a L&T Infotech ("L&T Infotech") is an Indian corporation with offices throughout the world and United States, including Cook County, Illinois, through which the company provides global information technology services and solutions.

8.     Venue is proper because Defendants' defamatory statements were published in this jurisdiction in which Plaintiff Chopra has a residence, and therefore Plaintiff was damaged in Cook County, Illinois and elsewhere.

## Facts

9.     Plaintiff Chopra and Plaintiff Aghi each previously served as high ranking officers at L&T Infotech.

10.    In particular, beginning in or about 2012, Defendant L&T Infotech employed Plaintiff Chopra and Plaintiff Aghi as Co-Chief Executives and Executive Directors on the Board of Defendant L&T Infotech.

2

11. In or about this time-period, Defendant Naik served as Chairman for Defendant L&T Infotech.

12. In or about 2014, Plaintiffs, for their own reasons unrelated to any employment performance issues whatsoever, initiated a request to separate from Defendant L&T Infotech.

13. At all times, Plaintiffs' employment performance was exemplary for Defendants.

14. In or about December 2014 and February 2015, respectively, Plaintiff Chopra and Plaintiff Aghi amicably and formally terminated their employment with L&T Infotech and thereafter always complied with their respective obligations under their confidential separation agreements.

15. At the time that Plaintiffs' respective employment with Defendant L&T Infotech terminated, Defendants knew that the request for termination originated with Plaintiffs (not Defendants) and this request and termination of employment was wholly unrelated to any alleged employment performance issues with either Plaintiff.

16. Approximately a year and one-half later, in or about July 4, 2016, Defendant Naik held a press conference just days before a scheduled July 11, 2016 initial public offering for Defendant L&T Infotech, which was vitally important to Defendant L&T Infotech and Defendant Naik's professional and personal reputations and financial interests.

17. During this press conference, media members questioned Defendant Naik about industry perception that L&T Infotech historically suffered from an unreasonably and disconcerting high level of executive turnover as a result of Defendant Naik's interference and intolerance for independent decision-making, thereby jeopardizing Defendants' forthcoming initial public offering.

18. In responding to these press inquiries, Defendant L&T Infotech, by and through its authorized agent Defendant Naik, wrongfully threw Plaintiff Chopra and Plaintiff Aghi

3

"under the bus" by falsely maligning and defaming these two former executives of L&T Infotech in order to protect and promote Defendants' own financial interests and professional reputations on the eve of Defendant L&T Infotech's important initial public offering.

19.     In particular, during this July 4, 2016 press conference, Defendant L&T Infotech, by and through its authorized agent Defendant Naik, falsely stated that Plaintiff Chopra's employment as Co-Chief Executive and Executive Director with L&T Infotech ended because, "He could not cope with the changing times. He was over 55 and this is a young man's game." Exhibit A (attached hereto and incorporated herein by reference).

20.     At the time Defendants made this factual statement – *i.e.*, denying Defendant Naik's interference with high level management and intolerance for independent decision-making and providing a fabricated explanation for why Plaintiff Chopra's employment with L&T Infotech terminated – they knew it was a lie. In fact, Plaintiff Chopra's employment with Defendants did not end because of Plaintiff's old age and inability to cope with the changing times.

21.     Also, during this July 4, 2016 press conference, Defendant L&T Infotech, by and through its authorized agent Defendant Naik, further falsely stated that Plaintiff Aghi's employment as Co-Chief Executive and Executive Director with L&T Infotech ended because, "He was great at relationships but he could not close deals because it requires a greater amount of detail." Exhibit A (attached hereto and incorporated herein by reference). In fact, Plaintiff's Aghi's employment with Defendants did not end because of lack of closed deals due to an inability to be detail oriented.

22.     At the time Defendants made this factual statement – *i.e.*, denying Defendant Naik's interference with high level management and intolerance for independent

4

decision-making and providing a fabricated explanation for why Plaintiff Aghi's employment with L&T Infotech terminated – they knew it was a lie.

23.     Defendant L&T Infotech and its authorized agent, Defendant Naik, both knew that the foregoing factual statements about Plaintiffs were false and untrue, as each possessed first-hand knowledge of Plaintiffs' exemplary work performance and own personal reasons for seeking to terminate their employment with Defendant L&T Infotech unrelated to any alleged "old age-related," inability to "cope," or purported inability to "close deals."     Indeed, Defendants' motivation to make their knowingly false and misleading statements to the press and public was to protect and bolster Defendants' upcoming initial public offering, to project an image of corporate stability, regardless of the significant personal expense, reputational harm, and injury to Plaintiffs.

24.     Defendants' July 4, 2016 factual statements to the press violated Defendant L&T Infotech's own policy, which was to not publically comment about such matters, as reflected in prior press publications.

25.     The press attending Defendants' July 4, 2016 press conference and other news outlets widely published Defendants' defamatory factual statements throughout the world, including in Cook County, Illinois.

26.     For instance, The Economic Times, a daily Indian newspaper, published an article on or about July 5, 2016, entitled "AM Naik Denies Interference Led to L&T Infotech Executives' Exits," which was published and republished through a large number of Internet outlets, including but not limited to The Economic Times, The Times of India, The Business Standard, Finance Everyday, USA.S5, The Hindu Business Line, 3 Live News, NewsJS, SocialMantras, and In.Frienddy.

5

27.     Because Plaintiffs' names were prominently displayed in these publications, LinkedIn® automatically included a link to Defendants' defamatory statements on Plaintiffs' LinkedIn® pages, which in turn resulted in Plaintiffs' LinkedIn® connections receiving Defendants' published, false defamatory statements.

28.     Shortly after the publication of Defendants' defamatory statements, Plaintiffs' family, friends, colleagues, and other individuals communicated with Plaintiffs about Defendants' published defamatory statements, which they read in, among other places, within this jurisdiction.

## COUNT 1 – DEFAMATION *PER SE* (Plaintiff Chopra v. Defendants)

29.     Plaintiff Chopra adopts and incorporates paragraphs 1-28 as if fully set forth herein as this paragraph.

30.     In or about July 4, 2016 and thereafter, Defendants made false, defamatory *per se* factual statements about Plaintiff Chopra, namely, that Plaintiff Chopra's employment with Defendant L&T terminated because Plaintiff performed poorly due to his old age and inability to cope with the changing times (and not because of Defendant Naik's interference with high level management and intolerance for independent decision-making).

31.     Defendants' defamatory, factual statements were published to the press and third-parties throughout the world and the United States, including in this jurisdiction.

32.     Defendants' factual defamatory statements imputed to Plaintiff Chopra an inability to perform in the discharge of the duties of his employment.

33.     Defendants' statements also prejudiced Plaintiff by imputing a lack of ability in his trade, business or profession.

34.     Defendants lacked any privilege for their defamatory *per se* statements about Plaintiff Chopra. To the extent that any qualified privilege might apply, Defendants abused any

6

such privilege because there was a direct intent to injure Plaintiffs, specifically, in knowing the statements to be untrue, possessing no factual basis for such statements, and/or doing so for the purpose of furthering Defendants' own financial, personal, and professional interests.

35.     To the extent that any qualified privilege might apply, Defendants also abused any such privilege by exhibiting a reckless disregard of Plaintiff's rights and of the consequences that would result from their statements, specifically, in failing to properly investigate the basis for the statements and knowing that no factual basis existed for such statements, which were designed only to further Defendants' own financial, personal, and professional interests.

36.     Such statements were defamatory *per se* and were so materially harmful to Plaintiff that injury to his good name and professional reputation is presumed, which exceeds the jurisdictional limits of this Court.

WHEREFORE, Plaintiff requests that this Court (1) enter judgment in favor of Plaintiff against Defendants in an amount that exceeds the jurisdictional limits of this Court, to be determined by a jury; (2) award Plaintiff punitive damages; and (3) award Plaintiff any other such relief as this Court deems appropriate.

## COUNT 2 – DEFAMATION *PER SE* (Plaintiff Aghi v. Defendants)

37.     Plaintiff Aghi adopts and incorporates paragraphs 1-28 as if fully set forth herein as this paragraph.

38.     In or about July 4, 2016 and thereafter, Defendants made false, defamatory *per se* factual statements about Plaintiff Aghi, namely, that Plaintiff Aghi's employment with Defendant L&T terminated because Plaintiff performed poorly in failing to close deals because of an inability to pay attention to detail (not because of Defendant Naik's interference with high level management and intolerance for independent decision-making).

7

39.     Defendants' defamatory, factual statements were published to the press and third-parties throughout the world and the United States, including in this jurisdiction.

40.     Defendants' statements imputed to Plaintiff Aghi an inability to perform in the discharge of the duties of his employment.

41.     Defendants' statements also prejudiced Plaintiff by imputing a lack of ability in his trade, business or profession.

42.     Defendants lacked any privilege for their defamatory *per se* statements about Plaintiff Aghi. To the extent that any qualified privilege might apply, Defendants abused any such privilege because there was a direct intent to injure Plaintiff Aghi, specifically, in knowing the statements to be untrue, possessing no factual basis for such statements, and/or doing so for the purpose of furthering Defendants' own financial, personal, and professional interests.

43.     To the extent that any qualified privilege might apply, Defendants also abused any such privilege by exhibiting a reckless disregard of Plaintiff's rights and of the consequences that would result from the statements, specifically, in failing to properly investigate the basis for the statements and knowing that no factual basis existed for such statements, which were designed only to further Defendants' own financial, personal, and professional interests.

44.     Such statements were defamatory *per se* and were so materially harmful to Plaintiff that injury to his good name and professional reputation is presumed, which exceeds the jurisdictional limits of this Court.

WHEREFORE, Plaintiff requests that this Court (1) enter judgment in favor of Plaintiff against Defendants in an amount that exceeds the jurisdictional limits of this Court, to be determined by a jury; (2) award Plaintiff punitive damages; and (3) award Plaintiff any other such relief as this Court deems appropriate.

## COUNT 3 – FALSE LIGHT (Plaintiff Chopra v. Defendants)

45.     Plaintiff Chopra adopts and incorporate paragraphs 1-28 as if fully set forth herein as this paragraph.

46.     In or about July 4, 2016 and thereafter, Plaintiff Chopra was cast in a false light as a result of Defendants' statements about Plaintiff, namely, that his employment was terminated due to an inability to perform in his employment, business, and profession because of his old age and inability to cope with the changing times, which false statements were published throughout the world and the United States, including in this jurisdiction.

47.     This false light would be highly offensive to a reasonable person.

48.     Defendants acted with malice in making the statements in that they were known to be untrue and made to further their own personal, financial, and professional interests on the eve of Defendants' upcoming initial public offering at the expense of Plaintiff.

49.     Defendants' statements harmed Plaintiff by causing him to be wrongly publically humiliated, embarrassed, emotionally distressed, and depressed.

WHEREFORE, Plaintiff requests that this Court (1) enter judgment in favor of Plaintiff against Defendants in an amount in excess of the jurisdictional limits of this Court, to be determined by a jury; (2) award Plaintiff punitive damages; and (3) award Plaintiff any other such relief as this Court deems appropriate.

## COUNT 4 – FALSE LIGHT (Plaintiff Aghi v. Defendants)

50.     Plaintiff Aghi adopts and incorporate paragraphs 1-28 as if fully set forth herein as this paragraph.

51.     In or about July 4, 2016 and thereafter, Plaintiff Aghi was cast in a false light as a result of Defendants' statements about Plaintiff, namely, that his employment was terminated because of an inability to perform in his employment, business, and profession due to an inability

to close deals and pay sufficient attention to detail, which false statements were published throughout the world and the United States, including in this jurisdiction.

52.     This false light would be highly offensive to a reasonable person.

53.     Defendants acted with malice in making the statements in that they were known to be untrue and made to further their own personal, financial, and professional interests on the eve of Defendants' upcoming initial public offering at the expense of Plaintiff.

54.     Defendants' statements harmed Plaintiff by causing him to be wrongly publically humiliated, embarrassed, emotionally distressed, and depressed.

WHEREFORE, Plaintiff requests that this Court (1) enter judgment in favor of Plaintiff against Defendants in an amount in excess of the jurisdictional limits of this Court, to be determined by a jury; (2) award Plaintiff punitive damages; and (3) award Plaintiff any other such relief as this Court deems appropriate.

Respectfully submitted,

KULWIN, MASCIOPINTO & KULWIN, LLP.

By: _____
       Anthony J. Masciopinto
       One of the Attorneys for Plaintiffs

Anthony J. Masciopinto
Kulwin, Masciopinto & Kulwin, LLP.
161 N. Clark Street, Suite #2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
E: amasciopinto@kmklawllp.com

10

Notice and Acknowledgment of Receipt of Summons and Complaint

(3/01/07) CCG 0063

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VIVEK CHOPRA and MUKESH AGHI,

Plaintiff(s)

v.

ANIL M. NAIK and LARSEN & TOUBRO Infotech

Defendant(s)

Case No. 2016L000806 CALENDAR/ROOM X

Defendant(s) Amount Claimed: $ $50,000+

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: L&T Infotech c/o Luke Lantta, Bryan Cave    Address: 1290 Avenue of the Americas

(Name)

City: New York                                State: NY                    Zip: 10104-3300

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on October 4, 2016.

Dated: October 4, 2016

Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name:

Address:                                        City/State/Zip:

Relationship to Entity /Authority to Receive Service of Process:
(Not applicable if your are the named Defendant or Respondent.)

Dated:

Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Notice and Acknowledgment of Receipt of Summons and Complaint                    (3/01/07) CCG 0063

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VIVEK CHOPRA and MUKESH AGHI,

_____
Plaintiff(s)

v.

ANIL M. NAIK and LARSEN & TOUBRO Infotech

_____
Defendant(s)

2016L009806
CALENDAR/ROOM X
TIME 00:00
Libel/Slander

Case No. _____

Defendant(s) Amount Claimed: $ $50,000+

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: ANIL M. NAIK c/o Luke Lantta, Bryan Cave      Address: 1290 Avenue of the Americas
                    (Name)

City: New York                                State: NY                    Zip: 10104-3300

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on October 4 , 2016 .

Dated: October 4 , 2016                    _____
                                                                   Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____      City/State/Zip: _____

Relationship to Entity /Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____, _____          _____
                                                                                      Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS